## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

MAY 2 3 2012

|                                              |     |                       |
| -------------------------------------------- | --- | --------------------- |
| **Marlun Andre Wilson,**                     | )   |                       |
| **Plaintiff,**                               | )   |                       |
|                                              | )   |                       |
| **v.**                                       | )   | **1:12cv42 (JCC/JFA)** |
|                                              | )   |                       |
| **Officer David Molby, et al.,**             | )   |                       |
| **Defendant.**                               | )   |                       |

### MEMORANDUM OPINION

Marlun Andre Wilson, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging constitutional violations in connection with his arrest. By Order dated April 11, 2012, deficiencies in the initial complaint were explained, and plaintiff was provided with an opportunity to particularize and amend his allegations in an amended complaint. Plaintiff was cautioned that the amended complaint would serve as the sole operative complaint in the case. The Court received plaintiff's amended complaint on May 1, 2012. After careful review of the amended complaint and attached exhibits, plaintiff's claims will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
　　(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
　　(2) seeks monetary relief from a defendant who is immune from such relief.

### I. Plaintiff's Allegations

Plaintiff alleges in the amended complaint that he was arrested at the Apple Computer Store at Tysons Corner Mall on March 5, 2011. It was alleged that plaintiff took merchandise at the store which he had not paid for and returned it, and then used the gift card he received in exchange to purchase other merchandise. The police were called, and Officers Molby and Freemer of the Fairfax County Police Department responded.[2] The police officers and an Apple loss prevention officer named Ron Johnson questioned plaintiff about the incident, and plaintiff was arrested and handcuffed. Plaintiff protested that a mistake had been made and that the merchandise he returned actually was his, and he began to feel embarrassed and was very excited, so when the officers told him to sit down he refused. At that point plaintiff was "tossed to the floor" by Officer Molby and loss prevention officer Johnson. Molby then began to apply excessive force to plaintiff by placing his "entire body cavity" on plaintiff's back, causing plaintiff to suffer "physical vertebrae pain." Plaintiff also began to have pain in his knees and to suffer shortness of breath because Molby was sitting on top of him, and plaintiff asked Molby to get off because plaintiff is asthmatic. Molby refused, and continued to cause plaintiff physical harm.

Minutes later, plaintiff was escorted to a "police cruiser." He began to feel tightness in his chest which he believed was the onset of an asthma attack, so he "pleaded" with Officers Molby and Freemer to contact emergency medical personnel, but the request was refused.

---

[2]In the initial complaint, plaintiff identified one defendant as "Officer Mulvey." However, plaintiff has submitted as an exhibit to the amended complaint a copy of a transcript from his criminal proceedings which includes the testimony of Officer Molby. Since it thus is apparent that defendant's surname is Molby, that spelling is used in this Memorandum Opinion.

Plaintiff then began to shake from a mild seizure, and Officer Freemer exclaimed to Officer Molby, "Shit, he kicked the door on my arm." Freemer at that point allegedly drew his weapon, placed it against plaintiff's head, and told plaintiff to shut the fuck up. Plaintiff was taken to the Fairfax County Adult Detention Center and booked on charges of false pretenses and assault on a police officer. When plaintiff was transferred to the custody of the Fairfax County Sheriff he requested and received medical attention and was admitted to the medical unit of the detention center.

Based upon the foregoing allegations, plaintiff asserts the following claims: (1) and (13) deprivation of medical care against Officers Molby and Freemer; (2) defamation by loss prevention officer Johnson; (3) and (9) denial of due process against the Apple Corporation for lack of sufficient security cameras in their store; (4) violation of his rights under the Eighth Amendment against Officer Freemer for pointing a gun at plaintiff's head; (5) conspiracy against Officers Freemer and Molby for failing to investigate the charges fully; (6) and (10) violation of his rights under the Eighth Amendment against Officer Molby for the use of excessive force; (7) and (8) vicarious liability against Fairfax County and the Apple Corporation for the actions of their employees Freemer, Molby and Johnson; (11) violation of his rights under the 14th Amendment by Johnson; (12) deprivation of his property by Molby and Freemer; (13) and violation of his Fifth Amendment right to medical treatment by Molby and Freemer.[3]

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint

---

[3]In the initial complaint, plaintiff asserted a claim of false arrest against Officer Molby. Because that claim is not alleged in the amended complaint, it is deemed abandoned.

3

that is frivolous, malicious, or fails to state a claim upon which relief can be granted.  28 U.S.C.

§ 1915A(b)(1).  Whether a complaint states a claim upon which relief can be granted is

determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."

Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998).  Thus, the alleged facts are presumed

true, and the complaint should be dismissed only when "it is clear that no relief could be granted

under any set of facts that could be proved consistent with the allegations."  Hishon v. King &

Spalding, 467 U.S. 69, 73 (1984).  To survive a 12(b)(6) motion, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Id. However, "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a

plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative

level...". Twombly, 550 U.S. at 55.  Moreover, a court "is not bound to accept as true a legal

conclusion couched as a factual allegation." Iqbal, 129 S. Ct. at 1949-1950.

    Courts may also consider exhibits attached to the complaint.  United States ex rel.

Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles

A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990)).

Where a conflict exists between "the bare allegations of the complaint and any attached exhibit,

the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v.

Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III. Analysis

A. Defendants Not Amendable to Suit Under § 1983

There are a number of problems with plaintiff's amended complaint.  First, several of the named defendants are not amenable to suit under § 1983.  To state a cause of action under § 1983, a plaintiff must allege facts indicating plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42 (1988).  Here, named defendant Apple Corporation is not a person, and so cannot be sued pursuant to § 1983.  In addition, named defendant Ron Johnson, the loss prevention officer for the Apple store, does not act under color of state law, so he also is not amenable to suit under § 1983.

A municipality may be subject to liability under § 1983 if the alleged injury was caused by an identifiable policy or custom.  Riddick v. School Board of City of Portsmouth, 238 F.3d 518, 522 (2000).  However, no municipality may be held liable under § 1983 on a theory of *respondeat superior*, and "a plaintiff cannot rely upon scattershot accusations of unrelated constitutional violations to prove either that a municipality was indifferent to the risk of [his] specific injury or that it was the moving force behind [his] deprivation."  Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999).  Here, plaintiff's allegations that Fairfax County is liable to him solely because it is the employer of Officers Molby and Freemer do not meet this test, so Fairfax County can have no § 1983 liability to plaintiff as a matter of law.

For the foregoing reasons, then, the following claims must be dismissed pursuant to §

1915A for failure to state a claim: (2) defamation against Ron Johnson;[4] (3) and (9) denial of due process against Apple Corporation; (7) and (8) vicarious liability against Fairfax County and Apple Corporation for the actions of their employees; and (11) violation of plaintiff's right to due process by Ron Johnson.

### B. Deprivation of Medical Care

Plaintiff's remaining claims are all brought against defendants Molby and Freemer, the two Fairfax County police officers. Although the officers are proper defendants under § 1983, plaintiff's allegations against them fail to state a claim, for the following reasons:

In claims (1) and (13), plaintiff alleges that the officers violated his constitutional rights by depriving him of needed medical care. As an arrestee, plaintiff's deliberate indifference claim is subject to the standards of Estelle v. Gamble, 429 U.S. 97 (1976). Under those standards. a plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A defendant acts recklessly by disregarding a substantial risk of danger that is either known to

---

[4]Moreover, even if defendant Johnson were a state actor, to the extent that plaintiff apparently intends to assert a tort claim for defamation against Johnson, such claim does not implicate rights guaranteed by the Constitution or laws of the United States and thus is not redressable under § 1983. See Daniels v. Williams, 474 U.S. 327 (1986) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official.").

him or which would be apparent to a reasonable person in his position. Id.

Plaintiff's allegations in the amended complaint satisfy neither component of this test. As to his medical condition, plaintiff alleges that he felt a tightness in his chest which he believed to be the onset of an asthma attack, and that he suffered a "mild seizure" during his arrest. These afflictions do not appear to comprise a sufficiently serious medical need to warrant constitutional protection. In addition, appended as exhibits to the amended complaint are copies of transcript pages from plaintiff's criminal proceedings. During his cross examination, Officer Molby testified as follows:

> DEFENSE COUNSEL: At any point did [Wilson] tell you to contact the ambulance?
>
> MOLBY: He complained he had trouble breathing or something of that nature. I think he did request that, but we determined he was fine.

> > Am. Compl., Ex. at 10.

Officer Molby's testimony that the officers determined that plaintiff was "fine" belies any suggestion that their failure to transport plaintiff for medical care resulted from either actual intent or reckless disregard of plaintiff's condition. Cf. Miltier, 896 F.2d at 851. Under these circumstances, plaintiff has failed to state a claim that defendants were deliberately indifferent to his serious medical needs, so that claim will be dismissed pursuant to § 1915A.

C. Excessive Force

In claims (4), (6) and (10), plaintiff alleges that his constitutional rights were violated when defendants subjected him to the use of excessive force. "The Fourth Amendment 'governs claims of excessive force during the course of an arrest.'" Robles v. Prince George's County, 302

F.3d 262, 268 (4th Cir. 2002) (quoting Riley v. Dorton, 115 F.3d 1159, 1161 (4th Cir. 1997)).[5]

"The 'reasonableness' inquiry in an excessive force case [governed by the Fourth Amendment] is

an objective one: the question is whether the officers' actions are 'objectively reasonable' in light

of the facts and circumstances confronting them, without regard to their underlying intent or

motivation." Graham v. Connor, 490 U.S. 386, 397 (1989) (citations omitted). The

reasonableness of a particular use of force must be judged from the perspective of a reasonable

police officer on the scene. Anderson v. Russell, 247 F.3d 125, 129 (4th Cir.), cert. denied, 534

U.S. 949 (2001). Thus, "'[n]ot every push or shove, even if it may later seem unnecessary in the

peace of a judge's chambers,' violates the Fourth Amendment." Id. at 396 (internal citation

omitted). A district court must balance "the nature and quality of the intrusion on the

individual's Fourth Amendment interests against the importance of the governmental interests

alleged to justify the intrusion." Tennessee v. Garner, 471 U.S. 1, 8 (1985) (citing United States

v. Place, 462 U.S. 696, 703 (1983)). The "outcome of this balancing test necessarily depends on

the facts and circumstances of the particular case." Martin v. Gentile, 849 F.2d 863, 868 (4th Cir.

1988).

      In addition, in Justice v. Dennis, 834 F.2d 380, 383 (4th Cir.1987), judgment vacated,

490 U.S. 1087 (1989), the Fourth Circuit approved jury instructions which defined the standard

for evaluating a claim of excessive force perpetrated by a police officer as whether the force was

---

[5]Claims concerning the use excessive force can arise under the Fourth, Fifth, and Eighth Amendments, depending on their particular factual contexts. Although plaintiff attempts to frame his claims as arising under the Eighth Amendment, the Eighth Amendment is not implicated in pre-conviction settings. Ingraham v. Wright, 430 U.S. 651, 664-71 (1977). Here, then, pursuant to the liberality with which courts are constrained to interpret pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), it will be assumed that plaintiff's claims, all of which allege excessive use of force upon arrest, are grounded in the Fourth Amendment. See Kidd v. O'Neil, 774 F.2d 1252 (4th Cir. 1985).

so "brutal, demeaning and harmful as literally to shock the conscience of a court." Other factors

to be considered in an excessive force claim are " 'the need for the application of the force; ... the

relationship between the need for the force and the amount of force used; ... [and] the extent of

injury inflicted.' " Id.; see also, Bailey v. Turner, 736 F.2d 963, 965 (4th Cir.1984) (framing test

as whether use of force "shocks the conscience" or has been applied "maliciously and sadistically

for the purpose of causing harm"). Bearing these principles in mind, plaintiff has failed to state a

claim of violation of his Fourth Amendment rights against either Officer Molby or Officer

Freemer.

In claim (4), plaintiff contends that unconstitutional force was applied when Officer

Freemer allegedly pointed a gun at plaintiff's head. However, the transcript plaintiff has provided

as an exhibit to the amended complaint reflects the following testimony by defendant Molby:

> DEFENSE COUNSEL: [D]id anyone pull a gun on [Wilson]?
>
> MOLBY: No.
>
> DEFENSE COUNSEL: Not you, not Officer Freemer?
>
> MOLBY: No.
>
> Am. Compl., Ex. at 9.

The foregoing testimony directly contradicts plaintiff's allegation that Officer Freemer

pointed a gun at his head. Since the exhibit prevails when a conflict exists between the bare

allegations of the complaint and any attached exhibit, Gulf Ins. Co., 313 F. Supp. 2d. at 596,

plaintiff's allegation appropriately may be disregarded. Moreover, even were it assumed that

Officer Freemer did draw his weapon and pointed it at plaintiff, plaintiff makes no allegation that

9

he suffered any injury whatever as the result of Freemer's action. Therefore, Freemer's action, standing alone, is insufficient to shock to conscience or to suggest that Freemer acted maliciously and sadistically. Cf. Justice, 834 F.2d at 383; Bailey, 736 F.2d at 965. Therefore, claim (4) is subject to dismissal for failure to state a claim pursuant to § 1915A.

In claims 6 and 10, plaintiff asserts that Officer Molby applied excessive force in effecting plaintiff's arrest. The transcript attached to the amended complaint reflects testimony by Officer Molby that when he arrived at the Apple store, he spoke to the security guard and determined that a crime had been committed. Plaintiff had no identification and gave his name to Officer Molby as "Marcus Copely," and Officer Molby placed plaintiff in handcuffs. The officer described ensuing events as follows:

> DEFENSE COUNSEL: When you ah, were taking him into custody, you said he resisted a bit in the store?
>
> MOLBY: Getting the handcuffs on there was no problem, but getting him to stay down seated and ah not being aggressive towards us, he was verbally abusive [and] he would not sit down. So he had to be taken to the floor to control him.
>
> DEFENSE COUNSEL: Who took him to the floor?
>
> MOLBY: Myself and Officer Johnson.
>
> *  *  *
>
> DEFENSE COUNSEL: When you took him, when you took him to the floor, um, how did that happen?
>
> MOLBY: He was in handcuffs at that point, and we just forced him to the floor by you know moving his upper body from his legs.
>
> DEFENSE COUNSEL: OK, did anyone put their knee on him, did anyone put their bodyweight on him?

MOLBY: Yeah, I did.

* * *

DEFENSE COUNSEL: When you were getting into the car, you said that he kicked at the interior of the door and the exterior of the door hit you in the arm?

MOLBY: Yes.

Am. Compl., Ex. at 9 - 10.

On redirect examination, Officer Molby characterized plaintiff's behavior during his arrest as "combative with" the police. Id. at 11.

Judged from the perspective of a reasonable officer on the scene, Anderson, 247 F.3d at 129, Officer Molby's actions both as described by plaintiff in the amended complaint itself and as reflected in the foregoing exhibit were objectively reasonable. Plaintiff was "verbally abusive" to the officers, "would not sit down," and eventually became "combative." Under such circumstances, Molby's use of his body weight to gain control over plaintiff by placing plaintiff the ground was an "objectively reasonable" action in light of the situation Molby confronted. Graham, 490 U.S. at 397. Plaintiff's allegations that he suffered "vertebrae pain" and pain in his knees as the result of Molby's actions do not suggest that the force Molby employed was so "brutal, demeaning and harmful as literally to shock the conscience of a court." Cf. Justice, 834 F.2d at 383. Therefore, plaintiff has failed to state a claim that either Officer Freemer or Officer Molby employed excessive force in violation of the Fourth Amendment, and claims 4, 6 and 10 must be dismissed pursuant to § 1915A for failure to state a claim.

11

D. Conspiracy

In claim (5), plaintiff asserts that defendants Molby and Freemer conspired to do an inadequate job of investigating the charges against plaintiff. A civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict he harm or damages upon another and an overt act that results in damages." Hampton v. Hanrahan, 600 F.2d 600, 620-21 (7th Cir. 1979). In a conspiracy claim under § 1983, there must a showing that the defendants conspired or acted jointly or in concert and that some overt act was done in furtherance of the conspiracy, which resulted in the plaintiff being deprived of a constitutional right. Hafner v. Brown, 983 F.2d 570, 577 (4th Cir. 1992). Where a plaintiff alleges unlawful intent in a conspiracy claim under § 1983, he must plead specific facts in a nonconclusory fashion to survive a motion to dismiss. Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995), quoting Gooden v. Howard County, 954 F.2d 960 (4th Cir. 1992). Here, plaintiff's entirely conclusory assertion of an unlawful conspiracy between defendants Molby and Freemer are insufficient to satisfy these requirements, so claim (5) will be dismissed pursuant to § 1915A.

E. Deprivation of Property

In claim (12), plaintiff alleges that defendants Molby and Freemer deprived him of his property, because they confiscated the items plaintiff falsely returned at the Apple store, which allegedly in fact were his own property for which he could not find the receipt. A claim that a plaintiff is entitled to damages under § 1983 by defendants' confiscation and retention of his property is foreclosed by the rule of Parratt v. Taylor, 451 U.S. 527 (1981). The Fourteenth Amendment provides that, "no state shall . . . deprive any person of life, liberty, or property

12

without due process of law." U.S. Const. amend XVI § 1.  Thus, to violate procedural due

process, defendant's actions must implicate plaintiff's interest in "life, liberty, or property."

Hewitt v. Helms, 459 U.S. 460, 466 (1983).  Where a deprivation of property results from an

established state procedure, due process requires the state to provide a pre-deprivation hearing.

See Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982).  However, in certain circumstances,

the availability of meaningful post-deprivation procedures satisfies the requirements of due

process, such as where it is impractical to provide a meaningful hearing prior to an alleged

deprivation.  Parratt, 451 U.S. at 538 (due process satisfied by post-deprivation remedies when a

deprivation is caused by the random, unauthorized acts of a state employee).  The rule in Parratt

applies with equal force to negligent as well as intentional deprivations by state employees.

Hudson v. Palmer, 468 U.S. 517, 533 (1984) (due process satisfied by post-deprivation remedy to

redress intentional destruction of personal property by prison guard during a "shakedown").

      Virginia has provided adequate post-deprivation remedies for deprivations caused by state

employees.  Under the Virginia Tort Claims Act, Va. Code Ann. § 8.01-195.3, Virginia has

waived sovereign immunity for damages for "negligent of wrongful" acts of state employees

acting within the scope of employment.  The Fourth Circuit has held that the Virginia Tort

Claims Act and Virginia tort law provide adequate post-deprivation remedies for torts committed

by state employees.  See Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985).  Because

plaintiff has not alleged that he has been denied post-deprivation procedures to redress the loss of

his property, he has not stated a constitutional claim.  Whether plaintiff alleges that he was

deprived of his property negligently or intentionally, the availability of post-deprivation

procedures is sufficient to satisfy the requirements of due process. Furthermore, because the

availability of a tort action in state court fully satisfies the requirement of meaningful post-deprivation process, plaintiff cannot state a claim for the loss of his property under the Fourteenth Amendment. Therefore, plaintiff's claim (12) that his right to due process was violated by defendants' alleged confiscation and retention of his property will be dismissed pursuant to § 1915A.

<h3 style="text-align:center">IV. Conclusion</h3>

For the foregoing reasons, this action will be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate Order shall issue.

Entered this __23rd__ day of _____MAY_____ 2012.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge